IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Nicholas MARALDO, | |
| Plaintiff, | Civil No. 18-2661 (RBK/AMD) |
| v. | |
| | **OPINION** |
| THE BUREAUS, INC., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This case arises from a purported violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by Defendant The Bureaus, Inc. Plaintiff Nicholas Maraldo alleges violations of sections 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692f of the FDCPA and § 1681 of the FCRA. Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint. (ECF No. 5.) Because Plaintiff's complaint does not adequately put Defendant on notice of the claims against it, Defendant's motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff, *pro se*, commenced this action by filing a complaint on February 5, 2018, against Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section. (Compl. Ex. A, at 4.) On February 26, 2018, Defendant removed to federal court pursuant to 28 U.S.A. § 1441, invoking this Court's federal-question jurisdiction under 28 U.S.C. § 1331. (Def. Removal ¶ 5.) Defendant filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a) on April 16, 2018. (Def. Mot. to Dismiss, ¶ 1.)

Plaintiff alleges he is a "consumer" and as such, is entitled to certain rights under the FDCPA and the FCRA. (Compl. Ex. A, at 4.) Plaintiff alleges that Defendant is a collection agency subject to the rules and regulations in the FDCPA and the FCRA. (*Id.*) Plaintiff alleges that Defendant "has a duty to the consumer to provide the consumer notice of the consumers' right to dispute prior to taking action against such consumer." (*Id.*) But Plaintiff does not describe what Defendant's actions were or how those actions violated the FDCPA or FCRA.

Plaintiff is seeking $3,000.00 in damages for his injury. (*Id.*) Plaintiff's claims include violations of 15 U.S.C. §§ 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692f, as well as 15 U.S.C. § 1681.

---

[1] Plaintiff's complaint is sparse and vague. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, the Court must "accept all facts alleged in the complaint as true andthe complaint in the light most favorable to the non-moving party." *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015). In addition, complaints filed by *pro se* litigants should be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 511 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## B. Rule 8(a)(2)

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to ensure that a defendant receives adequate notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Plaintiff must show grounds for his entitlement to relief that are more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Blanket assertions without any factual showings are not enough to withstand a Rule 8(a)(2) challenge. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556)).

## III. DISCUSSION

### A. Plaintiff Has Failed to State a Claim Under the FDCPA.

The FDCPA creates a private right of action against debt collectors who use unfair practices to collect debts from consumers. *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006); *Reizner v. National Recoveries, Inc.*, No. 17-2572, 2018 U.S. Dist. LEXIS 74229, at *6 (D.N.J. May 2, 2018). To succeed on a FDCPA claim, Plaintiff must show that (1) he is a consumer; (2) Defendant is a debt collector; (3) Defendant's alleged actions were made in an attempt to collect a debt; and (4) Defendant violated a provision of the FDCPA while attempting to collect said debt. *Douglass v Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005)).

The Court assumes without deciding that Plaintiff satisfies the first two elements of an FDCPA claim. (Compl. Ex. A, at 4.) But Plaintiff has failed to plead any facts that show Defendant

took *any* action in an attempt to collect a debt or engage in any other activity. And Plaintiff's conclusory recitals that Defendant violated specific sections of the FDCPA are similarly insufficient. The Court cannot construe legal conclusions as true without a factual basis. *Twombly*, 550 U.S. at 556. We find Plaintiff has failed to provide any factual grounds to support his claim, including the language he claims violated the FDCPA. He has therefore failed to plead an FDCPA claim.

### B. Plaintiff Has Failed to State a Claim Under the FCRA.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr,* 511 U.S. 47, 53 (2007) (citing 15 U.S.C. § 1681). Accordingly, Congress prohibited credit agencies from releasing a consumer's credit report, unless the agency is releasing the information according to the narrowly defined exceptions laid out in 15 U.S.A. § 1681b(a). *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009).

A plaintiff's failure to cite a specific section of the FCRA will not require the court to dismiss the complaint so long as there are sufficient factual allegations to support a meritorious claim. *Boone v. T-Mobile USA Inc.*, 2018 WL 588927, at *13 (D.N.J. Jan. 26, 2018) (citing *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45 (2d Cir. 1997)). But there are not sufficient factual allegations present here, because there are *no* factual allegations in Plaintiff's complaint. Plaintiff merely asserts that Defendant "violated the Fair Credit Reporting Act," and nothing else. (Compl. Ex. A, at 4.) Plaintiff has therefore failed to state a claim under the FCRA.

### C. Plaintiff Has Failed to Give Defendant Adequate Notice.

Rule 8(a) does not require detailed factual allegations. But "bare assertions" or mere legal conclusions are not enough to give a defendant notice of the plaintiff's claim. *Nicholas v. CMRE*

*Fin. Serv., Inc.*, 2009 WL 1652275, at *2 (D.N.J. June 9, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide . . . fair notice . . . ." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotation omitted).

Plaintiff has failed to provide any facts that would put Defendant on fair notice of the actual allegations against him. Plaintiff cites the statutes that Defendant allegedly violated, but he does not describe any conduct that could have caused the alleged violations. (Compl. Ex. A, at 4.) As such, Plaintiff has failed to provide Defendant with fair notice of the actual charges.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff failed to state a claim for which relief can be granted. As such, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's complaint is dismissed without prejudice. An order follows.


Dated:  June 8, 2018                                /s Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge